WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Murray Jones,<br><br>            Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>           Respondents. | No. CV-19-05258-PHX-DJH<br><br>**ORDER** |

Before the Court is Petitioner Craig Murray Jones' ("Petitioner") "Motion for Release From Confinement on Recognizance or Surety Pending Adjudication of Habeas Corpus Proceedings; In the Alternative Motion for Appointment of Counsel" ("Motion") (Doc. 17), and Magistrate Judge James F. Metcalf's Report and Recommendation ("R&R") denying the same (Doc. 33).

**I.    Background**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") with this Court on September 23, 2019. (Doc. 1). While that Petition was pending before Magistrate Judge Metcalf, Petitioner asked to be released from confinement during the pendency of his federal habeas proceedings, or alternatively, to be appointed counsel. (Doc. 17 at 3). On August 20, 2021, Magistrate Judge Metcalf issued a Report and Recommendation ("R&R") (Doc. 33), recommending, in part, that the Court deny the relief sought in Petitioner's Motion. (*Id.*)  Upon Petitioner's request, the Court gave Petitioner until September 15, 2021, to file objections to Judge Metcalf's recommendation

1. that Petitioner's Motion be denied ("Objection"). (Doc. 35). Respondents did not file an objection, but on September 15, 2021, Petitioner lodged an Objection (Doc. 39) with the Court, and concurrently asked the Court to seal the Objection on the grounds that "the Motion and Exhibits contain sensitive, protected and confidential mental health records." (Doc. 38). The Court finds good cause to grant Petitioner's request to seal the exhibits to his Objection, but not the Objection itself. A ruling on the Motion (Doc. 17) now follows.

## II.     Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

## III.    Discussion

### A.     Magistrate Judge Metcalf's Recommendation that Petitioner's Request for Release Pending Disposition of Petition be Denied

In his Motion seeking release from confinement, Petitioner argues that substantial questions as to the constitutionality of his detention, as well as his "deteriorating health,"

warrant his release from confinement during the pendency of his habeas proceedings. (Doc. 17 at 1-3). He states that district courts have authority to conditionally release habeas petitioners under Federal Rule of Appellate Procedure 23 ("Rule 23"). (*Id.*) Magistrate Judge Metcalf rejected Petitioner's arguments. He first noted that there was an absence of Ninth Circuit law authorizing district courts to release habeas petitioners pending decisions on their petitions. (Doc. 33 at 26). He then held that even assuming such authority existed, this was not the type of extraordinary case involving special circumstances or a high probability of success that may warrant such relief. (*Id.*) He recommends denying Petitioner's request for release. (*Id.*)

Petitioner's Objection to Judge Metcalf's recommendation does not provide the Court with citation to the authority that shows the Court may release him pending resolution of his Petition. Instead, Petitioner's Objection focuses on his mental health struggles, and reasserts that he "should be granted conditional release to restore his successful treatment in order to adequately proceed in his case…" (Doc. 39 at 5). Absent evident authority to do so, however, the Court will not address the merits of Petitioner's request for conditional release. Rule 23 is a federal rule of appellate procedure that authorizes district courts to release habeas petitioners pending an appeal. *See Martino v. Vasquez*, 8125 F.2d 499, 508 (9th Cir. 1987) (noting that "Rule 23 establishes the authority of the federal courts to release both successful and unsuccessful habeas petitioners pending appeal"). Rule 23 arguably says nothing about a district court's authority to release a petitioner pending disposition of their federal habeas proceedings. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (declining to reach the question of whether a district court has the authority to authorize a habeas petitioner's release pending a decision on a 28 U.S.C. § 2254 petition). *But see Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (citing cases from the Second, Fifth, Sixth, and Tenth Circuits and recognizing that "there is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly."). As one district court in the Ninth

Circuit has stated, "[t]hat Rule 23 affords the Courts of Appeals the authority to grant release pending review of a habeas petition, coupled with the absence of any similar statute or rule that applies to district judges, could be read as evidencing an intent to withhold such authority from district judges and to reserve it for their appellate brethren, just as easily as it would be to infer that district judges have, or should have, the same authority. This Court is not in a position to guess." *United States v. Carreira*, 2016 WL 1047995 at *2 (D. Haw. Mar. 10, 2016). Absent evident authority, the Court declines to address the merits of Petitioner's request and will adopt the Magistrate Judge's recommendation that the Court deny Petitioner's motion for an order of release.

### B. Magistrate Judge Metcalf's Recommendation that Petitioner's Request for Appointment of Counsel be Denied

In the alternative, Petitioner asks the Court to appoint him counsel. (Doc. 17 at 3). He offers no justification in his Motion, beyond the reasons offered to justify his release, to appoint him counsel. (*Id.* at 3 (conclusively stating, "[f]or these reasons, petitioner asks to be released on recognizance or surety pending adjudication of habeas corpus proceedings, or in the alternative, appoint counsel to petitioner"). Magistrate Judge Metcalf found that Petitioner's "bald assertions of declining health" did not justify an appointment of counsel. (Doc. 33 at 28). He notes that neither the claims made in the Petition nor Respondents' defenses were unduly complex, and that Petitioner had consistently shown himself "capable of marshaling evidence and agreements in support of his Motion and Petition, bolstered with at least facially appropriate authorities cited." (*Id.*) He recommends denying Petitioner's request to appoint him counsel. (*Id.*)

There is no constitutional right to appointment of counsel in a civil case. *Johnson v. U.S. Dep't. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). District courts clearly have the authority to appoint counsel for indigent habeas petitioners, however. Rules 8(c) and 6(a) of the Rule Governing Section 2254 Cases provide that an attorney shall be appointed for an indigent petitioner "[i]f an evidentiary hearing is warranted," or "[i]f necessary for effective discovery." Moreover, the Court has discretion to appoint counsel to represent

an indigent petitioner in a § 2254 habeas corpus case when it determines "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  An indigent prisoner is not entitled to appointed counsel, however, unless it is necessary to prevent a violation of due process. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987).

Petitioner's Objection to Magistrate Judge Metcalf's recommendation focuses on Petitioner's need for counsel in light of his mental health struggles.  Petitioner states that he does not receive adequate mental health treatment, and the medical records attached to his Objection, "strongly suggest[] that Petitioner's well-documented irreversible mental illness is severe enough that, by himself, [he] is unable to research and formulate a coherent argument." (Doc. 39 at 3).  The Court has reviewed these medical records and Petitioner's past filings and disagrees.  Petitioner's timely filings, even those recently made, reflect that he coherently and competently advocates on his own behalf.  Moreover, nothing in the record suggests an evidentiary hearing or additional discovery is warranted here. Respondents filed a Limited Response to Petitioner's Petition (Doc. 14), arguing that Petitioner's Petition is untimely.  Petitioner filed a 14-page Reply in support of his Petition (Doc. 16) and addressed the arguments made in the Limited Response, with clear citation to the state court record and attached exhibits throughout.  Nothing therein suggests an evidentiary hearing requiring assistance from court-appointed counsel is necessary, or that Plaintiff is in need of counsel to conduct discovery.  In sum, while the Court is certainly sympathetic to Petitioner's mental health struggles, these issues do not appear to pose a threat to Petitioner's due process rights.  Accordingly, Petitioner's objections to Magistrate Judge Metcalf's recommendation that his request for appointment of counsel be denied are overruled.  The recommendation will be adopted.

/ / /

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Motion to Seal (Doc. 38) is **granted** in part and **denied** in part.  The Clerk of Court is respectfully directed to file under seal the exhibits

lodged in support of Petitioner's Objection at Doc. 39-1. The Clerk of Court is kindly directed to file Petitioner's Objection lodged at Doc. 39 on the public docket.

**IT IS FINALLY ORDERED** that the portion of Judge Metcalf's R&R recommending denial of Petitioner's "Motion for Release From Confinement on Recognizance or Surety Pending Adjudication of Habeas Corpus Proceedings; In the Alternative Motion for Appointment of Counsel" (Doc. 17) is **adopted** and Petitioner's Motion (Doc. 17) is **denied**.

Dated this 17th day of September, 2021.

Honorable Diane J. Humetewa
United States District Judge