**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Murray Jones, | No. CV-19-05258-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Craig Murray Jones' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (Doc. 1). Magistrate Judge James F. Metcalf's Report and Recommendation ("R&R") (Doc. 33) recommends that the Petition be dismissed with prejudice and a certificate of appealability be denied. Petitioner timely filed Objections to the R&R (Doc. 52) (Doc. 41). Respondents did not file a response.

## I. LEGAL STANDARDS

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). Indeed, district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In his R&R, Judge Metcalf found that the Petition was barred by the one-year statute

1    of limitations in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), that

2    neither statutory or equitable tolling applied, and that Petitioner could not show that he was

3    actually innocent.  (Doc. 33).  He further found that Petitioner had procedurally defaulted

4    his state remedies on all but one of his claims, and that Grounds 2-10 are therefore barred

5    from federal habeas review.  (*Id.*) Petitioner objects to various findings in the R&R.

6    Accordingly, the Court will review the Petition *de novo*.

7    **II.    BACKGROUND**

8         The Arizona Court of Appeals, in its memorandum decision dated August 16, 2016,

9    described the facts of the case as follows:

10            The State charged Appellant with twenty-six counts that alleged a
      variety of sexual offenses, obscenity offenses, child abuse, and aggravated
11    assault.  Appellant committed the offenses against three minor victims.
      Victims CJ and HJ were Appellant's biological daughters; victim ZR was
12    Appellant's niece.[]

13            At the conclusion of the State's case, the trial court granted
      Appellant's motion for judgment of acquittal on three counts that alleged
14    sexual conduct with a minor, aggravated assault, and attempted public sexual
      indecency to a minor.  The jury acquitted Appellant of three counts that
15    alleged aggravated assault, sexual exploitation of a minor, and public sexual
      indecency.  The jury convicted Appellant of the remaining counts and the
16    trial court sentenced him to an aggregate term of 114 years' imprisonment.

17
18    (Doc. 14-1 at 1555).  On direct appeal, the appellate court vacated Petitioner's conviction

19    for count 3, as amended by the trial court, but affirmed the remainder of his convictions

20    and sentences.  (*Id.* at 1570).   Having received no motion for reconsideration or petition

21    for review, the court entered its mandate on September 30, 2016.  (Doc. 14-1 at 1553).

22         Between the time the mandate was issued and March 21, 2019, the date upon which

23    Petitioner filed his Notice of Request for Post-Conviction Relief, Petitioner filed various

24    requests with the state courts.  The Magistrate Judge refers to these requests as "Pre-PCR

25    filings."  Petitioner's Pre-PCR filings include a Notice and Request for Court Record filed

26    with the Arizona Court of Appeals; a Petition for Special Action filed with the Arizona

27    Supreme Court; a PCR Petition filed in Pinal County Superior Court; a habeas petition filed

28    in the Arizona Supreme Court; a Notice of Inability to Proceed with Post-Conviction Relief

1  filed in his trial court; a request for documents from the trial court; and a Request for Order.
2  (Doc. 33 at 3-5).  Not until March 21, 2019, did Petitioner file a Notice of Post-Conviction
3  Relief and an Affidavit in Support in Maricopa County Superior Court (Doc. 16 at 17–21).
4  The PCR court dismissed the Rule 32 proceeding as "untimely by more than two years."
5  (Doc. 14-1 at 1589).   Five months later, on September 23, 2019, Petitioner filed his federal
6  Petition for Writ of Habeas Corpus in this Court (Doc. 1).

7  **III.    DISCUSSION**

8           In a lengthy and detailed analysis, Judge Metcalf rejected Petitioner's arguments
9  that statutory or equitable tolling should apply to Petitioner's late-filed federal Petition.
10  Petitioners makes objections to both Judge Metcalf's factual findings and legal findings.
11  The Court addresses them below.

12      **A.    Petitioner's Objections to the R&R's Factual Findings**

13           Petitioner first objects to the R&R's statement that during the investigation of
14  Petitioner, he was found to have "a camera with a nude photo of one of the victims."
15  (Doc. 52 at 5).  Petitioner says nothing in the record supports this statement.  (*Id.*)  The trial
16  record shows that an investigator found a picture of Petitioner's daughter topless with a
17  blanket over her head on his camera, but that no picture showed a victim completely nude.
18  (Doc. 14-1 at 1104).  Notwithstanding, the objection is overruled, because whether the trial
19  photo of the victim showed her as completely or partially nude is irrelevant to the timeliness
20  of his habeas Petition.

21           Petitioner next objects to the R&R's statement that he made "various attempts at
22  self-representation" before he went to trial with counsel.  (Doc. 52 at 5).  Petitioner says he
23  "actually was successful in obtaining and sorting evidence and filing pleadings, and he
24  challenged the termination of his pro per rights in Ground One (Doc. 1)."  (*Id.*)  To the
25  extent Petitioner objects to the Magistrate's characterization of Petitioner's self-
26  representation as only an "attempt" to represent himself, the objection is overruled on the
27  grounds that the characterization does not affect the timeliness of the filing of his federal
28  Petition.

Petitioner also objects to Judge Metcalf's notation that he improperly placed his exhibits to his Petition in the middle of his Petition, in violation of the instructions on the required habeas petition form.  This objection is overruled.  The substance of his exhibits were clearly considered by the Magistrate Judge.

### B.  Petitioner's Pre-PCR Filings Objections

Petitioner objects to several findings related to Petitioner's Pre-PCR filings.  He first objects to the Magistrate Judge's statement that in October 2016, he wrote to the Clerk of the Arizona Court of Appeals requesting copies of transcripts and the state's answering briefs.  (Doc. 52 at 5).  Petitioner says he filed this request in a pleading and thus it shows his diligence.  (*Id.*) The Court finds the Magistrate Judge properly took Petitioner's request into account when determining Petitioner's diligence (or lack thereof) in filing his federal habeas petition, regardless of how that communication was characterized.  (*See* Doc. 33 at 13).  The objection is overruled.

Petitioner also objects to the Magistrate Judge's failure to note that there was never a ruling on his "First Pre-PCR Filing," which was a request to the trial court for copies of briefs, decisions, and trial transcripts.  (Doc. 52 at 6).  The Court agrees that the R&R does not specify that a ruling was ever made on the request, and the Court could not identify a place in the record that shows otherwise.  The objection is nonetheless overruled because the Magistrate Judge plainly considered Petitioner's document request in assessing whether the statute of limitations should have begun to run at a later time.  (*See* Doc. 33 at 10–12) (rejecting that State action created an impediment to Petitioner's ability to timely file his federal petition: "[i]nstead of simply filing a timely PCR notice after the mandate issued. . . [Petitioner] spent two and a half years requesting records. . ."); and (*id.* at 13 (rejecting the applicability of statutory tolling because "[t]he **pre-PCR filings** requesting records do not trigger any tolling"))).  The fact that there was never a ruling on the request is irrelevant to these analyses.

Petitioner similarly objects to the Magistrate Judge's characterization of the Petition for Special Action he filed on October 26, 2016, saying it fails to note that therein he

"clearly alerted the Supreme Court of counsel's abandonment and expressly asked the court if due process had been violated by the 'impediment' and made clear that he did not know if appeal process was completely exhausted." (Doc. 52 at 6). The fact that the R&R did not describe what was in the Petition for Special Action does not alter the Magistrate Judge's accurate finding that as a "pre-PCR filing," it did not trigger any tolling. (Doc. 33 at 13). The same is true with regard to Petitioner's objection: (1) that his February 6, 2017 "Notice of Inability to Proceed with Post-Conviction Relief" filing "was more than simply a request for records," but also alerted the court that he had been prevented from filing a PCR petition because his appellate counsel had abandoned him (Doc. 52 at 6); (2) that his June 23, 2017, second "Request for Documents" was a request to "compel all attorneys involved in the case to provide their requests" and only two complied (*id.* at 7); and (3) that his July 27, 2017, Request for Order "was because most of the lawyers did not comply" (*id.*). These pre-PCR filings were not proper Rule 32 filings and thus did not statutorily toll the statute of limitations. Notably, because it did not affect the outcome, Judge Metcalf nonetheless credited Petitioner's tolling period with the "balance of these non-traditional proceedings," and still found Petitioner's Petition untimely. (Doc. 33 at 13).

Petitioner also objects to Magistrate Judge's omission that "no copies of his [Pinal County petition for writ of habeas corpus] have been identified." (Doc. 52 at 6). He says that he "challenged the validity of his convictions and sentencings" in the Pinal County petition. (*Id*). The Magistrate Judge, however, recognized that the Pinal County petition had been received and was returned to him unfiled because it was "an improperly filed Rule 32 PCR petition, which was required to be filed the trial court in Maricopa County." (Doc. 33 at 4). That the R&R did not note that a copy of the improperly-filed petition was not produced has no consequence on the ultimate conclusion that Petitioner's federal Petition is untimely. The petition was improper for statutory tolling purposes. *See* 28 U.S.C. § 2254(d)(2) (providing for tolling of the limitations period when a "*properly* filed application of State post-conviction. . . is pending" (emphasis added)). Petitioner's similar "objection" that the Magistrate Judge failed to note that the state petition for writ of habeas

1    corpus that he filed with the Arizona Supreme Court also challenged his conviction and

2    sentence (Doc. 52 at 6) is overruled for the same reason: this petition was summarily

3    dismissed as an improper Rule 32 PCR proceeding and therefore did not toll the statute of

4    limitations or justify a later running time.  (Doc. 33 at 4).

5            Petitioner next objects to Judge Metcalf's consideration of the Respondents'

6    Supplemental Answer, which Judge Metcalf ordered Respondents to file after observing

7    that Petitioner made assertions in his Reply that his untimeliness or procedural default

8    resulted from his lack of access to the record.  (Doc. 52 at 8).  Petitioner says, "Respondents

9    should be found to have waived any affirmative defenses regarding Jones' pre-PCR filings

10   because they chose to omit these proceedings from their Answer."  (*Id.*)  Generally, the

11   government is required to assert any procedural default defense in its Answer.  *Nardi v.*

12   *Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004).  In this case, Respondents' Limited Answer

13   argued the Petition was time-barred and that multiple grounds were procedurally defaulted

14   without excuse.  (Doc. 14). Respondents specifically addressed Petitioner's contention in

15   his Petition that the late filing should be excused due to appellate counsel's abandonment.

16   (*Id.* at 11; *see also* Doc. 1 at 3-4 (arguing § 2254 should not bar his petition because his

17   appellate counsel "abandoned Jones after filing the Appellate Brief").  Petitioner

18   subsequently filed a Motion to Expand the Record (Doc. 18) and argued in his Reply that

19   he had repeatedly asked for and been denied access to his files and the court record.  (Doc.

20   16).  In light of the additional documents and Petitioner's more specific counter arguments

21   as to why AEDPA should not bar his petition, Judge Metcalf properly ordered and

22   considered Respondents' Supplemental Answer.  The arguments made therein were not

23   waived and the objection is overruled.

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.     Petitioner's Objections Relating to his First PCR filing

Petitioner objects to "the Magistrate's characterization of the Affidavit [in support of his Notice of Post-Conviction Relief Petition] in footnote 4." (Doc. 52 at 7).   The Magistrate Judge noted that the Affidavit considered with his PCR Notice was originally misfiled, but that the PCR court had specifically stated that the Affidavit was before it when the petition was dismissed.  (Doc. 33 n.4).  Petitioner says "it could not have been possible for the PCR judge to have read the Affidavit because the Affidavit had been misfiled in Jones' prior conviction case.  His Affidavit was filed nearly one month before the PCR judge claimed to have the Affidavit before her."  (Doc. 52 at 7).    This objection is overruled.  The PCR court's order dismissing Petitioner's first Rule 32 petition expressly states that "[p]ending before the Court are Defendant's Notice of Request for Post-Conviction Relief and 'Affidavit in Support of Notice for Post-Conviction Relief' filed on March 21, 2019." (Doc. 14-1 at 1588).   The PCR court then dismissed both the Notice and Affidavit.  (*Id.* at 1590).  The Magistrate's characterization of the Affidavit was accurate.

### D.     Petitioner's Objections Relating to the Timely Filing of His Federal Habeas Petition

Finally, Petitioner objects to certain findings relating to the untimeliness of his federal Petition.  AEDPA provides that if "the applicant was prevented from filing" a federal habeas petition by an "impediment. . . created by State action in violation of the Constitution or laws of the United States," the limitations period will commence anew from "the date on which the impediment to filing . . . is removed."  28 U.S.C. § 2244(d)(1)(B).  Petitioner first seeks to clarify that the "state created impediments" he says prevented him from timely filing his federal Petition were not just due to the abandonment of his appellate attorney, but "the state courts who failed to serve him with the memorandum decision, the appellate court clerk requesting payment, and the state prisons legal mail system." (Doc. 52 at 8).  The Court finds that the R&R accurately reflects Petitioner's position.  (*See* Doc. 33 at 10 (noting that "Petitioner asserts that he was impeded by state action as a result of appellate counsels' failure[s]. . . and subsequent failings of the state court system to provide

him with copies"). Moreover, the R&R correctly rejected these "impediments" as a basis for delaying the start of the statute of limitations. In relevant part, the R&R found that "any impediment was not created by the State, but rather by Petitioner's own failure to utilize established procedures to attempt to challenge his conviction." (*Id.* at 12). The Court agrees. Petitioner's decision to seek miscellanous relief, often unauthorized and denied under the state's rules, is plainly not "State action" under § 2244(d)(1)(B).

Petitioner specifically objects to the R&R's finding that Petitioner's lack of access to the trial record did not preclude him from timely filing a federal Petition such that the statute of limitations should have started to run later under § 2244(d)(1)(B). (Doc. 52 at 8). Petitioner says he "could not have known that he was under federal rules of habeas procedure when he was diligently seeking relief from the state court." (Doc. 52 at 8). Petitioner is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if his lack of access to his legal record "altogether prevented him from presenting his claims in any form, to any court." *See Ramirez v. Yates*, 571 F.3d 993, 1000–01 (9th Cir. 2009) (rejecting petitioner's claim that his administrative segregation deprived him of his constitutional right to access to the courts in light of the many state filings he was able to make in this timeframe). This was plainly not the case. As Judge Metcalf pointed out, at an absolute minimum, Petitioner could have filed a "protective" federal habeas petition and asked this Court to stay the petition until Petitioner obtained his trial record and ensured his state remedies were exhausted. (Doc. 33 at 11 citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

Petitioner argues that filing a protective petition "would have particularly pointless" in his case because unlike the petitioner in *Pace*, "any 'protective' petition Jones might have filed after discovering his appellate lawyer had abandoned, would not have protected anything [because] the statute of limitations had run out." (*Id.*) The record does not support Petitioner's position. Petitioner was asserting that his appellate attorney abandoned him mere weeks after his conviction became final.[1] (*See* Petitioner's "Notice and Request for

---

[1] Judge Metcalf accurately found Petitioner's conviction became final on September 20, 2016, 35 days after the Arizona appellate court denied Petitioner's direct appeal.

Court Record," filed October 13, 2016, at Doc. 1 at 257). That filing also shows that although Petitioner may not have been in possession of his appellate briefing and the opinion, he received the appellate court mandate on October 3, 2016. (*Id.* ("Now, on October 3, 2016, Appellant merely received from the court a letter and mandate dated September 30, 2016."). Far from having "run out," his October 13, 2016, Notice shows that after discovering his appellate attorney's alleged abandonment, Petitioner still had over eleven months to file his federal petition. *See Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (holding that § 2244(d)(1)(B) is only concerned with circumstances "when a petitioner has been impeded from filing a [federal] habeas petition"). Indeed, Petitioner offers no other reason why he could not have timely filed a protective petition other than "he was not aware of the federal court's rules." (Doc. 52 at 9). "However, ignorance of the law and the lack of legal experience typically does not excuse an untimely filing, even for a *pro se* incarcerated prisoner." *Cisneros v. Matteson*, 2021 WL 4192034, at *3 (E.D. Cal. Sept. 15, 2021). *See also Herrera v. Butler*, 2004 WL 1729927 (N.D. Cal 2004) (same), *aff'd,* 184 Fed. Appx. 648 (9th Cir. 2006). Petitioner's objections are overruled; Judge Metcalf properly found that Petitioner was not entitled to a later commencement period under § 2244(d)(1)(B).

Finally, Petitioner objects to the R&R's conclusion that the abandonment of Petitioner's appellate counsel did not amount to circumstances that warranted equitable tolling of the statute of limitations. (Doc. 52 at 10). Petitioner says "Jones has consistently maintained that appellate lawyer stopped communicating with him and that the brief had been filed without Jones' knowledge. Jones reiterates that his confusion and focus on only righting the wrongs caused by appellate lawyer prevented him from even considering a possible habeas petition." (*Id.*) Petitioner ignores, however, that the Magistrate Judge assumed *arguendo* that Petitioner's appellate counsel abandonment arose to the level of an extraordinary circumstance. (Doc. 33 at 16). Judge Metcalf nonetheless still found that equitable tolling was not available because Petitioner had failed to show *how* appellate counsel's abandonment prevented Petitioner from filing a habeas petition:

> Petitioner proffers nothing to show that appellate counsel was obligated to file Petitioner's federal habeas petition. Petitioner acknowledges that he was aware of the appellate decision and mandate almost immediately after the issuance of the mandate. He proffers no reason why he did not immediately proceed with filing his federal habeas petition.

(*Id.*) Petitioner's "confusion and focus" on trying to correct "wrongs" by his appellate attorney cannot serve as the equitable cause of Petitioner's failure to file a timely federal petition. This objection is also overruled.

## IV.    CONCLUSION

In sum, Petitioner's objections to the R&R are not legally or factually relevant to the basis for the Magistrate Judge's recommendation and do not show any basis for statutory tolling, equitable tolling, or actual innocence. The Court therefore accepts the recommended decision within the meaning of Federal Rule of Civil Procedure 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1).

Accordingly,

**IT IS ORDERED** that Petitioner's Objection to the Report and Recommendation of Judge Metcalf (Doc. 52) is **OVERRULED**, and the Report and Recommendation (Doc. 33) **ACCEPTED AND ADOPTED.** Petitioner's Petition for Writ of Habeas Corpus (Doc 1) is **DISMISSED, WITH PREJUDICE**.

**IT IS FURTHERED ORDERED** that a Certification of Appealability and leave to proceed in forma pauperis is **DENIED** because the dismissal of the Petition is justified by a plain procedural bar, reasonable jurists would not find the ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) and terminate this action.

Dated this 23rd day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge